No. 19-35255

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc.,

*Plaintiff/Appellant,*

v.

JOHN D. MUNDING and KAREN MUNDING, married and the community property comprised thereof; MUNDING, P.S., a Washington Professional Services Corporation; CRUMB & MUNDING, P.S., a Washington Professional Services Corporation, et al.,

*Defendants/Appellees.*

On Appeal from the United States District Court for the Eastern District of Washington, Cause No. 2:18-CV-270
The Honorable Rosanna Malouf Peterson

# RESPONSE BRIEF OF APPELLEES

James B. King, WSBA #6732
Markus W. Louvier, WSBA #39319
EVANS, CRAVEN, & LACKIE, P.S.
818 West Riverside, Suite 250
Spokane, Washington 99201
Telephone: (509) 455-5200
*Attorneys for Appellees*

# CORPORATE DISCLOSURE STATEMENT

Munding P.S. and Crumb & Munding P.S. hereby certify, through their undersigned attorneys of record, that neither entity has a parent corporation, and that no publicly held corporation owns 10% or more of stock in either entity.

Dated:  January 15, 2020.

By:  ___/s/ Markus W. Louvier___
James B. King, WSBA #6732
Markus W. Louvier, WSBA #39319
EVANS, CRAVEN, & LACKIE, P.S.
Attorneys for Appellees
Evans, Craven & Lackie, P.S.
818 West Riverside Avenue, Suite 250
Spokane, Washington 99201
Email:  mlouvier@ecl-law.com

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT..................................i

JURISDICTIONAL STATEMENT....................................1

ISSUES PRESENTED FOR REVIEW...............................1

STATEMENT OF THE CASE.........................................2

   A. The Parties and Related Litigation...........................2

   B. Procedural History of This Action............................4

SUMMARY OF THE ARGUMENT...................................8

STANDARD OF REVIEW.............................................10

ARGUMENT...........................................................12

   A. The District Court properly exercised its discretion when it determined Plaintiff's conclusory assertions of wrongdoing were insufficient to satisfy the requirements Fed. R. Civ. P. 23.1.........12

   B. The District Court correctly determined that subject matter jurisdiction was not adequately pled.......................17

   C. The District Court was not required to give Plaintiff a third opportunity to appropriately allege jurisdiction........................20

      1. Plaintiff's FAC was Dismissed Without Prejudice..................21

      2. Plaintiff received the benefit of an amended complaint by his filing of the FAC after being confronted by a substantially identical Motion to Dismiss...............................................21

      3. Plaintiff has failed to explain how an amendment would have cured the Rule 23.1–and other– defects..............................23

D. The District Court correctly addressed evidentiary issues..........25

    1. The derivative demand letters were properly excluded in connection with Plaintiff's objection...................................26

    2. The judicial notice issue is of no consequence where it relates only to Plaintiff's statute of limitations problem.....................28

E. Plaintiff's request for an advisory opinion should be rejected......29

F. Costs be awarded in Munding's favor....................................30

CONCLUSION...........................................................................30

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. City of Beverly Hills,*
  911 F.2d 367 (9th Cir. 1990) .............................................................22

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................................19

*Bakalian v. Cent. Bank of Republic of Turkey,*
  932 F.3d 1229 (9th Cir. 2019) ............................................................11

*Brehm v. Eisner,*
  746 A.2d 244 (Del. 2000) ...................................................................14

*Brody v. Chemical Bank,*
  482 F.2d 1111 (2d Cir.)......................................................................14

*Brody v. Chemical Bank,*
  517 F.2d 932 (2d Cir.1975).................................................................14

*Carolina Cas. Ins. Co. v. Team Equip., Inc.,*
  741 F.3d 1082 (9th Cir. 2014) ............................................................11

*Cassirer v. Thyssen-Bornemisza Collection Found.,*
  862 F.3d 951 (9th Cir. 2017) ..............................................................29

*Duffey v. Wheeler,*
  820 F.2d 1161 (11th Cir. 1987) ..........................................................18

*Equitec-Cole Roesler LLC v. McLanahan,*
  251 F.Supp.2d 1347 (S.D. Texas 2003) ........................................14, 15

*Gonzalez v. Planned Parenthood of Los Angeles,*
  759 F.3d 1112 (9th Cir. 2014) ............................................................22

*Halkin v. VeriFone Inc.,*
  (*VeriFone Secs. Litig.*), 11 F.3d 865 (9th Cir. 1993) ...........................24

*Harper v. City of Los Angeles,*
  533 F.3d 1010 (9th Cir. 2008) ............................................................11

*Herb v. Pitcairn,*
  324 U.S. 117, 65 S.Ct. 459, 89 L.Ed. 789 (1945)..................................30

*Hertz Corp. v. Friend,*
  559 U.S. 77, 130 S.Ct. 1181 (2010) ....................................................17

*Hudson v. Wylie,*
  242 F.2d 435 (9th Cir. 1957) ..............................................................28

*Huey v. UPS, Inc.,*
165 F.3d 1084 (7th Cir.1999) ...........................................................20

*In re Am. Int'l Grp., Inc. Derivative Litig.,*
700 F. Supp. 2d 419 (S.D.N.Y. 2010) .................................................13

*In re Cybershop.com Sec. Litig.,*
189 F. Supp.2d 214 (D.N.J. 2002) .....................................................23

*In re Smith & Wesson Holding Corp.,*
743 F.Sup.2d 14 (D. Mass. 2010) .......................................................14

*In re Symbol Techs. Sec. Litig.,*
762 F. Supp. 510 (E.D.N.Y. 1991) ......................................................14

*Indianapolis v. Chase National Bank,*
314 U.S. 63 (1941) .............................................................................18

*Iron Workers Local No. 25 Pension Fund ex rel. Monolithic Power Sys.,*
*Inc. v. Bogart,*
2012 WL 2160436 (N.D. Cal. 2012).....................................................13

*Janas v. McCracken (In re Silicon Graphics Inc.,*
*Secs. Litig.),* 183 F.3d 970 (9th Cir. 1999) ........................................24

*Jones ex rel. CSK Auto Corp. v. Jenkins,*
503 F. Supp. 2d 1325 (D. Ariz. 2007) .................................................13

*Kamen v. Kemper Fin. Servs., Inc.,*
500 U.S. 90 (1991) .............................................................................12

*Knapp v. Ernst & Whinney,*
90 F.3d 1431 (9th Cir. 1996) ..............................................................28

*Kokocinski on behalf of Medtronic, Inc. v. Collins,*
850 F.3d 354 (8th Cir. 2017) .............................................................10

*Koshy v. Barbarosh,*
No. 18-56159, 2019 WL 6970576 (9th Cir. Dec. 19, 2019)...................23

*Koster v. American Lumberman's Mutual Casualty Co.,*
330 U.S. 518 (1947) ..........................................................................18

*Miesen v. Connie Taylor Henderson,*
2017 WL 1458191 (D. Idaho, 2017).....................................................16

*Miller v. Fairchild Indus., Inc.,*
797 F.2d 727 (9th Cir.1986) ...............................................................25

*Miller v. Yokohama Tire Corp.,*
358 F.3d 616 (9th Cir. 2004) ..............................................................22

*Nissho–Iwai Am. Corp. v. Kline,*
845 F.2d 1300 (5th Cir.1988) .............................................................20

*Oliver v. Sealaska Corp.*,
   192 F.3d 1220 (9th Cir. 1999) ............................................ 12

*Oran v. Stafford*,
   226 F.3d 275 (3d Cir. 2000) .............................................. 23

*Orr v. Bank of Am., NT & SA*,
   285 F.3d 764 (9th Cir. 2002) ............................................. 20

*Orrock v. Appleton*,
   147 Idaho 613, 213 P.3d 398 (2009) ................................... 12

*Oscar v. Alaska Dep't of Educ. & Early Dev.*,
   541 F.3d 978 (9th Cir. 2008) ........................................ 21, 22

*Peller v. Southern Co.*,
   911 F.2d 1532 (11th Cir. 1990) ......................................... 10

*Potter v. Hughes*,
   546 F.3d 1051 (9th Cir. 2008) ...................................... 10, 13

*Puri v. Khalsa*,
   674 F. App'x 679 (9th Cir. 2017) ...................................... 24

*Rothenberg v. Security Management Co., Inc.*,
   667 F.2d 958 (11th Cir.1982) ........................................... 10

*Sinochem Int'l Co. v. Malaysia Intl Shipping Corp.*,
   549 U.S. 422 (2007) ...................................................... 17

*Smith v. Sperling*,
   354 U.S. 91 (1957) ........................................................ 18

*Smith v. U.S. Customs & Border Prot.*,
   741 F.3d 1016 (9th Cir. 2014) .......................................... 25

*Staehr v. Alm*,
   269 Fed.Appx. 888 (2008) ............................................... 10

*Stepak v. Addison*,
   20 F.3d 398 (11th Cir.1994) ............................................ 10

*Tindall v. First Solar Inc.*,
   892 F.3d 1043 (9th Cir. 2018) .......................................... 10

*Tuscano v. Tuscano*,
   403 F. Supp. 2d 214 (E.D.N.Y. 2005) ................................ 12

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ........................................... 23

*United States v. Prairie Pharmacy, Inc.*,
   921 F.2d 211 (9th Cir. 1990) ........................................... 11

*Yakama Indian Nation v. Washington Dep't of Revenue*,
   176 F.3d 1241 (9th Cir. 1999) .......................................... 11

## Statutes

28 U.S.C. § 1332(a) ........................................................ 17

28 U.S.C. § 1332(a)(1) ................................................ 4, 17

Article III of the United States Constitution ........................ 30

## Rules

Fed. R. Civ. P. 12 .......................................................... 7

Fed. R. Civ. P. 12(b) ...................................................... 2

Fed. R. Civ. P. 12(b)(6) and 12(h)(3) ................................ 11

Fed. R. Civ. P. 12(h)(3) ................................................ 17

Fed. R. Civ. P. 23.1 ............................................... passim

Fed. R. Civ. P. 23.1(b)(3) ............................................ 13

FRAP 39(a)(2) ........................................................... 30

Rule 12(b)(6) ...................................................... 13, 22

## Other Authorities

68 A.L.R.2d 824 ......................................................... 19

# I. JURISDICTIONAL STATEMENT.

Defendants agree this Court has jurisdiction as a consequence of the trial court's dismissal of Plaintiff's First Amended Complaint ("FAC"). Defendants contest Plaintiff's factual assertions and conclusion concerning diversity jurisdiction as set forth *infra*.

Plaintiff also asserts the District Court "close[d] this case" without granting leave for another amendment to the FAC. But the dismissal was <u>without</u> prejudice permitting Plaintiff to re-file. Plaintiff rejected that opportunity and instead pursued an appeal.

# II. ISSUES PRESENTED FOR REVIEW.

Plaintiff's appeal raises six issues:

1. Did the District Court properly exercise its discretion when it determined Plaintiff's FAC was insufficient to establish standing?

2. Did the District Court err when it determined Plaintiff failed to adequately plead the existence of diversity jurisdiction?

3. Was the trial court required to give Plaintiff a third opportunity to submit an appropriate Complaint when the dismissal was without prejudice and when Plaintiff failed to show how any amendment would cure the defects identified by the District Court?

4.  Did the District Court abuse its discretion by refusing to consider materials to which Plaintiff objected in connection with a Fed. R. Civ. P. 12(b) Motion to Dismiss?

5.  Should the Court of Appeals offer an advisory opinion as to whether this case is time-barred by the statute of limitations?

6.  Should costs be awarded to Defendants?

## III. STATEMENT OF THE CASE.

By this appeal Plaintiff challenges the District Court's decision granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint without prejudice. ER 1-20.

The District Court's decision should be affirmed.

## A. The Parties and Related Litigation.

Plaintiff Dale Miesen is a minority stockholder of AIA Services Corporation ("AIA Services"). Defendant John Munding and his law firm represented AIA Services and AIA Insurance, Inc. ("AIA Insurance") in a collection lawsuit in the State of California ("the California Litigation"). Both AIA Services and AIA Insurance (hereinafter, "the AIA Entities") are Idaho corporations. ER 1097-1098.

The California Litigation involved liability on loan guarantees made by AIA Services and/or AIA Insurance (collectively, "the AIA

Entities") to a hard money lender – GemCap. ER 1104. The loans in question were procured by CropUSA Agency and CropUSA Services who, with others, were also parties to the California Litigation. Id. The California Litigation exclusively involved claims based upon California law and was venued in the United States District Court for the Central District of California. ER 1316-1317. Crumb & Munding, P.S. (n/k/a Munding P.S.) was contacted to represent the AIA Entities in the California Litigation. ER 1316. There is no allegation that Munding was involved in any of the alleged corporate improprieties resulting it the guarantees nor that he was involved in procuring the loans. It is undisputed that Munding's first and only involvement with the AIA Entities related to the California Litigation. ER 1315-1320.

Mr. Munding defended the AIA Entities in the litigation up to and into trial. ER 1318-1319 at ¶ 8-14. The discovery, client interactions, mediation, trial, and settlement occurred in California and Idaho. Id. On the first day of trial – September 15, 2014 – the case settled in the Honorable Judge James S. Otero's chambers in California. Id. at ¶ 12-14. After the settlement was achieved, Munding ceased representing the AIA Entities. ER 1320.

Miesen – or his attorney Mr. Bond – threatened to sue Munding for malpractice beginning in 2014. Id. at ¶ 15-16. Over four (4) years after the threats began and the settlement was reached, and over three (3) years after a judgment was entered in the California Litigation, Miesen through Bond sued Munding in the U.S. District Court for the Eastern District of Washington. In the interim, Bond, Miesen, and associated individuals filed a variety of lawsuits and claims in connection with the same transactions involving the AIA Entities. *See,* ER 207-212.

**B.    Procedural History of This Action.**

Plaintiff commenced this action on August 21, 2018. ER 21-61. Plaintiff's Complaint named Miesen as the individual bringing the action on behalf of or in the right of AIA Services Corporation and AIA Insurance Inc. ER 21 at p. 1. Plaintiff sued John Munding, his wife, Munding, P.S., Crumb & Munding, P.S., AIA Services Corporation, and AIA Insurance, Inc. Id.

Plaintiff alleged that diversity jurisdiction existed under 28 U.S.C. § 1332(a)(1). Id. at p. 2. Plaintiff claimed he was a resident of the State of Texas. Id. at ¶ 4. Plaintiff alleged that Munding, his wife, and the Munding corporations were residents of the State of Washington. Id. at

4

¶¶ 6-9. Plaintiff classified Defendants AIA Services and AIA Insurance as Idaho residents, (Id. at ¶¶ 13-15) and alleged AIA Services and AIA Insurance were both plaintiffs and defendants. Id. at ¶¶ 16-18.

On September 18, 2018 Defendants filed a Motion to Dismiss. ER 102-123. The Motion was supported by the Affidavit of Markus W. Louvier ("Louvier Affidavit") and the Declaration of Alyson Foster ("Foster Declaration"). ER 124-235; ER 236-710. Defendants asserted that Plaintiff failed to sufficiently plead the requisite elements of a derivative shareholder demand under Rule 23.1. Id. Defendants also alleged a failure to properly establish diversity jurisdiction. Id. Finally, Defendants asserted that Plaintiff's claims were barred by the statute of limitations and the doctrine of res judicata. Id.

Rather than responding to the Motion to Dismiss on its merits, Plaintiff filed a First Amended Complaint and asserted that Defendants' Motion was mooted by that filing. ER 1091-1157 (FAC); ER 1280-1288. Judge Rosanna M. Peterson entered an order denying Defendants' Motion to Dismiss as moot. ER 9.

Like the initial Complaint, the FAC attached several exhibits but did not include copies of the derivative demand letters. ER 1091-1157.

On October 23, 2018, Defendants filed a Motion to Dismiss Plaintiff's FAC ("Motion to Dismiss Plaintiff's FAC"). ER 1292-1314. Defendants again argued that Plaintiff failed to meet Rule 23.1's pleading requirements and that the District Court lacked diversity jurisdiction. ER 1292-1314.[1] The Motion to Dismiss Plaintiff's FAC was supported the Declaration of John Munding ("Munding Declaration") (ER 1315-1320) and the previously filed Louvier Affidavit and Foster Declaration. Plaintiff moved to strike all three sworn statements.

On appeal, Plaintiff asserts that he made a motion to strike "certain of the three declarations and certain of the 47 exhibits attached to those declarations…" *Appellant's Opening Brief, p. 16-17*. Plaintiff's assertion is false. Plaintiff wrote: "Defendants improperly submit three declarations and forty-seven attached exhibits in support of their Motion to Dismiss the First Amended Complaint…Those three declarations are **entirely inadmissible.** Thus, this Court should grant Plaintiff's motion to strike and exclude those matters." ER 1341. *See Also* p. 2 ("Thus, those three declarations, along with the attached forty-seven exhibits, should

---

[1] Defendants likewise moved for dismissal on a variety of other grounds which the District Court did not reach. Id. and ER 1-20.

be stricken and excluded"). Plaintiff very specifically sought to exclude all of the exhibits attached to the Louvier Affidavit – which is the only source of the derivative demand letters: "Thus, Mr. Louvier's Affidavit, along with the attached exhibits, should be stricken." ER 1343. Plaintiff asserted that such documents could not properly be considered in connection with a motion to dismiss brought under Fed. R. Civ. P. 12.

The District Court issued an Order Granting in Part Defendant's Motion to Dismiss and Dismissing Plaintiff's Claims Without Prejudice. ER 1-20. The District Court found Plaintiff's Fed. R. Civ. P. 23.1 pleading insufficient as it was impossible to tell what specific allegations Plaintiff sought to make against Munding. ER 15. The "suitable action" to be undertaken was not specific and instead the letter consisted of "generic, conclusory language" rather than describing with the requisite particularity the claims for relief sought and the factual basis therefore. Id.

In connection with Defendants' claim that diversity jurisdiction was not established, the District Court also found that Plaintiff did not plead a sufficient factual basis to allow the court to either determine that

diversity jurisdiction existed, or to allow the court to re-align the parties to support diversity jurisdiction. ER 17.

The Court denied as moot the remaining arguments of the Defendants but expressed "serious concerns" as to whether the legal malpractice and Consumer Protection Act claims would survive a motion for summary judgment. ER 18.

## IV.   SUMMARY OF THE ARGUMENT.

As a stockholder, Plaintiff cannot make direct claims against the AIA Entities or Munding. Stockholders must satisfy statutory and procedural rules to earn the right to pursue derivative claims on behalf of the corporate entity. Plaintiff was required to issue a particularized demand that action be taken by the corporations[2] and to allege specific facts in the demand which supported the lawsuit envisioned. Thereafter, Plaintiff was required to plead under Rule 23.1 the specific factual basis conferring standing to pursue a derivative action in his FAC. But the FAC described letters which mentioned Munding only in passing and failed to explain the factual basis for the potential claims against Munding. By failing to sufficiently plead how and why the derivative

---

[2] Plaintiff is not a shareholder in AIA Insurance, which is a corporation wholly owned by AIA Services.

demands on the AIA Entities set forth with the requisite particularity the basis for his claims, Plaintiff never obtained standing to sue on the AIA Entities' behalf.

Plaintiff similarly failed to properly plead and therefore failed to establish jurisdiction. Either defect justified the District Court's dismissal of this action.

The FAC was dismissed without prejudice. Plaintiff chose not to re-file his suit against Munding and instead appealed to this Court. His opening brief focuses on alleged misdeeds of the AIA Entities pre-dating Mr. Munding's representation of those entities. It is undisputed in this case that Mr. Munding had nothing to do with the composition of the boards of the AIA Entities or their decisions to guarantee loans. Munding's only involvement with the AIA Entities was in defending the collection action in California when the borrowed sums became due.

Plaintiff's brief culminates in (1) arguments against his own evidentiary objections below including accusations that the District Court abused its discretion by ruling in Plaintiff's favor on those matters; (2) a claim that he should have been allowed to amend his complaint for a third time when he failed to advise either the District Court or this

Court how the manifest deficiencies in the FAC would or could be cured, and (3) a request for advisory opinions concerning alternative grounds which were never ruled upon by the District Court.

## V.     STANDARD OF REVIEW.

The standard of review for dismissal of an action under Fed. R. Civ. P. 23.1 is abuse of discretion.[3] *Tindall v. First Solar Inc.,* 892 F.3d 1043 (9th Cir. 2018); *Potter v. Hughes,* 546 F.3d 1051 (9th Cir. 2008); *See Also Peller v. Southern Co.,* 911 F.2d 1532, 1536 (11th Cir. 1990); *Rothenberg v. Security Management Co., Inc.,* 667 F.2d 958, 960 (11th Cir.1982); *Staehr v. Alm*, 269 Fed.Appx. 888 (2008), *Stepak v. Addison*, 20 F.3d 398, 402 (11th Cir.1994), *Kokocinski on behalf of Medtronic, Inc. v. Collins,* 850 F.3d 354 (8th Cir. 2017).

Applying the abuse of discretion standard, the District Court may be reversed only if there is no reasonable basis to support the district

---

[3] Plaintiff appears to acknowledge that abuse of discretion is the appropriate standard of review for the standing issue. *See Appellant's Opening Brief* p. 2, 3, 20, 21, 23, 25, 29, 30, 31, 39, 40, 41, 42, 43, 44, 45. However, even if the standard of review were *de novo*, it would make no difference in this case where Plaintiff's arguments fail under either standard.

court's decision. *See, United States v. Prairie Pharmacy, Inc.*, 921 F.2d 211, 212–13 (9th Cir. 1990).

The standard of review for dismissal under Fed. R. Civ. P. 12(b)(6) and 12(h)(3) is *de novo. Bakalian v. Cent. Bank of Republic of Turkey*, 932 F.3d 1229, 1233 (9th Cir. 2019); *Carolina Cas. Ins. Co. v. Team Equip., Inc.,* 741 F.3d 1082, 1086 (9th Cir. 2014).

Evidentiary rulings and determinations concerning amendments to pleadings are likewise reviewed under the abuse of discretion standard. *Harper v. City of Los Angeles,* 533 F.3d 1010, 1030 (9th Cir. 2008) (evidentiary rulings), *Yakama Indian Nation v. Washington Dep't of Revenue,* 176 F.3d 1241, 1246 (9th Cir. 1999) (amendments to pleadings).

Finally, Plaintiff argues that this action is governed by Washington substantive law and federal procedural law. *Appellant's Opening Brief,* p. 21. Defendants disagree with the assertion that the substantive law of the State of Washington applies. However, the alleged application of Washington law relates only to Plaintiff's request for an advisory opinion concerning whether Plaintiff's action is time-barred.

# VI.  ARGUMENT.

## A. The District Court properly exercised its discretion when it determined Plaintiff's conclusory assertions of wrongdoing were insufficient to satisfy the requirements Fed. R. Civ. P. 23.1

Miesen is a stockholder of AIA Services. ER 1094. He alleges AIA Services is and was the sole shareholder of AIA Insurance. ER 1098. A derivative action is distinguishable from an individual action. In a derivative action, a stockholder sues to remedy wrongs allegedly done to a corporation. *Oliver v. Sealaska Corp.*, 192 F.3d 1220, 1225 (9th Cir. 1999). As a stockholder, Miesen is only permitted to make derivative claims. *McCann, supra; Tuscano v. Tuscano*, 403 F. Supp. 2d 214, 223 (E.D.N.Y. 2005).

A fundamental principle of corporate law is that "the decisions of a corporation—including the decision to initiate litigation—should be made by the board of directors or the majority of shareholders." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 101 (1991) (citation omitted); *see also Orrock v. Appleton,* 147 Idaho 613, 213 P.3d 398 (2009).

Federal law imposes rigorous pleading requirements upon stockholders who seek to usurp the board's authority over litigation claims which belong to the corporation. *See* Fed. R. Civ. P. 23.1 ("Rule

23.1"). The stockholder must, *inter alia*, "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members..." Fed. R. Civ. P. 23.1(b)(3); *see also Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008) (a plaintiff is able to bring a shareholder derivative lawsuit only if: (1) the plaintiff owned shares in the corporation at the time of the disputed transaction; and (2) the plaintiff alleged with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors). This requirement operates as a threshold to ensure that plaintiffs exhaust intracorporate remedies so that courts may properly focus on the motivations fueling a board's decision rather than the decision's merits. *See Iron Workers Local No. 25 Pension Fund ex rel. Monolithic Power Sys., Inc. v. Bogart*, 2012 WL 2160436, at \*2 (N.D. Cal. 2012).

> Because Rule 23.1 requires that plaintiffs make particularized allegations, it imposes a pleading standard higher than the normal standard applicable to the analysis of a pleading challenged under Rule 12(b)(6).

*In re Am. Int'l Grp., Inc. Derivative Litig.*, 700 F. Supp. 2d 419, 430 (S.D.N.Y. 2010), aff'd, 415 F. App'x 285 (2d Cir. 2011); *See, Jones ex rel.*

*CSK Auto Corp. v. Jenkins*, 503 F. Supp. 2d 1325, 1341 (D. Ariz. 2007) *citing Brehm v. Eisner,* 746 A.2d 244, 254 (Del. 2000). Accordingly, 'Rule 23.1 is not satisfied by conclusory statements or mere notice pleading.'" *Id.*

The "particularity requirements" are to be "strictly enforced" by courts. *In re Symbol Techs. Sec. Litig.*, 762 F. Supp. 510, 514–15 (E.D.N.Y. 1991) citing *Brody v. Chemical Bank,* 517 F.2d 932 (2d Cir.1975); *Brody v. Chemical Bank,* 482 F.2d 1111, 1114 (2d Cir.), *cert. denied,* 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973). Failure to satisfy the particularity requirements results in dismissal. *In re Smith & Wesson Holding Corp.,* 743 F.Sup.2d 14 (D. Mass. 2010); *Equitec-Cole Roesler LLC v. McLanahan,* 251 F.Supp.2d 1347 (S.D. Texas 2003).

The operative document in this case is the FAC which references two demand letters Plaintiff allegedly served upon the Board of Directors of the AIA Entities. The District Court reviewed the allegations pleaded in the FAC. ER 12-14. The demand letters were neither incorporated within Plaintiff's FAC nor attached thereto. The District Court quoted the same portions of the demand letters which Plaintiff relied upon in alleging compliance with Rule 23.1 in the FAC. Id. The majority of the

language Plaintiff relied upon consisted of generic requests that AIA pursue "all possible claims" against a variety of individuals and entities. Id. As to Munding – and "any other law firm" – Plaintiff sought the rescission of any contracts and return of any legal fees incurred, regardless of the legal matter at issue. Id. at 13.

Plaintiff offered two paragraphs in the FAC concerning Munding. Both consisted of conclusions (e.g., "Munding intentionally violated his duties owed to AIA" … "Munding knew that he could not properly represent AIA's interests" … "Munding failed to assert that the guarantees were not authorized and were thus illegal").

The District Court held that the Plaintiff failed to plead with the requisite sufficiency and particularity under Rule 23.1 the facts giving rise to liability as opposed to generic, conclusory claims and assertions. *See* ER 15 ("Each and every passage of the demand letters that Plaintiff included in his amended complaint, ostensibly to show statutory standing under Rule 23.1, states claims in terms of 'all possible claims' or similarly generic, conclusory language, rather than describing with particularity the claims…").

Plaintiff insisted before the District Court – as he does before this

Court – that United States Magistrate Judge Candy Dale found "the same demand letters" to be sufficient in separate but related litigation in the District of Idaho. ER 15. His argument is unpersuasive for four reasons:

First, aside from a generic description, Plaintiff failed to place Judge Dale's ruling before the District Court. ER 15-16 ("…there are insufficient allegations before this Court to understand the context of what that lawsuit entailed in comparison to the lawsuit here, and whether Judge Dale addressed the same demand language as is at issue here").

Second, Judge Dale did **not** find that the pleadings in the Idaho Litigation met the Rule 23.1 standard. Judge Dale simply evaluated the letters themselves to determine whether they met state law requirements for sufficiency as to the claimants involved in the Idaho Litigation. *See Miesen v. Connie Taylor Henderson,* 2017 WL 1458191 (D. Idaho, 2017).

Third, Judge Dale never ruled upon the legal sufficiency of the demand letters insofar as Munding was concerned. Munding was not a party to the Idaho litigation and the sufficiency of the derivative demand

was not challenged as to claims against Munding.

Fourth, the District Court in this case dismissed Plaintiff's claims based upon the contents of the FAC, not the demand letters. Plaintiff failed to satisfy his obligation to plead with specificity under the heightened requirements of Rule 23.1 the facts giving rise to liability.

## B. The District Court correctly determined that subject matter jurisdiction was not adequately pled.

Subject matter jurisdiction is a threshold issue. *Sinochem Int'l Co. v. Malaysia Intl Shipping Corp.,* 549 U.S. 422, 430 (2007). The existence of subject matter jurisdiction may be challenged at any time and can be raised by the parties or by the district court *sua sponte*. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action") (emphasis added). To establish subject matter jurisdiction in a diversity case, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a); *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010).

Plaintiff alleged that diversity jurisdiction exists over this lawsuit under 28 U.S.C. § 1332(a)(1) "because the amount in controversy

presently exceeds $1,000,000 and this action is between citizens of different states." ER 1094.

But Plaintiff's FAC designated AIA Services and AIA Insurance as plaintiffs and defendants. This designation destroys diversity jurisdiction since both corporations are Idaho citizens.

In a shareholder derivative suit, the general rule is that a corporation is "properly realigned as a plaintiff since it is the real party in interest" and stands to benefit from the suit. *Duffey v. Wheeler,* 820 F.2d 1161, 1163 (11th Cir. 1987). However, an exception applies when the corporation is in "antagonistic hands." *Koster v. American Lumberman's Mutual Casualty Co.,* 330 U.S. 518, 523 (1947). The Supreme Court has recognized that antagonism is present "whenever the management is aligned against the stockholder and defends a course of conduct which the [stockholder] attacks." *Smith v. Sperling,* 354 U.S. 91, 95 (1957). The pleadings usually determine antagonism. Id.

While a district court may realign parties to support diversity jurisdiction, a complaint which does not supply sufficient specificity to determine proper alignment is untenable. *Indianapolis v. Chase National Bank,* 314 U.S. 63, 69 (1941).

Plaintiff alleged that the AIA Entities were antagonistic to him "for the reasons stated in [the] Complaint." ER 1098-1099.

In opposing Defendants' Motion to Dismiss the FAC, Plaintiff claimed that the alleged antagonism justifying the AIA Entities' designation as defendants was the reaction (by inaction) to the derivative demand letters. ER 1361. Plaintiff offered the trial court no additional arguments or factual citations concerning the alleged antagonism.

With this allegation of de facto rejection of a derivative demand letter, the District Court held it could not find the existence of diversity jurisdiction: "Plaintiff has failed to point the court to any authority supporting that declining to take the demanded action, alone, is enough to establish the corporation as antagonistic." ER 17. The District Court noted that many cases held to the contrary. ER 17 citing 68 A.L.R.2d 824 at *9a. The factual allegations were "conclusory" and "fail[ed] to offer 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ER 17; *citing Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

The District Court was not obliged to comb through the FAC to cobble together facts to support a finding of subject matter jurisdiction.

*See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 775 (9th Cir. 2002) *citing Huey v. UPS, Inc.,* 165 F.3d 1084, 1085 (7th Cir.1999) ( "[J]udges need not paw over the files without assistance from the parties."); *Nissho–Iwai Am. Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988).

On appeal, Plaintiff now doubles down on his failures below to provide the trial court with either authority or appropriately pleaded allegations properly brought the attention of the District Court which justify and substantiate the allegation of antagonism necessary for diversity. He cites generally to forty (40) pages of factual material allegedly supporting his assertion of antagonism. *Appellant's Opening Brief, p. 25, 26.*

Plaintiff failed to explain how the interests of AIA Insurance or AIA Services, specifically, were antagonistic to his interests. Accordingly, the District Court was correct in finding that diversity jurisdiction was not established and dismissal was appropriate.

## C. The District Court was not required to give Plaintiff a third opportunity to appropriately allege jurisdiction.

Plaintiff contends the District Court should have permitted him leave to amend his FAC claiming dismissal without an opportunity to amend the Complaint was improper.

Plaintiff's argument should be rejected for three reasons: (1) the dismissal was expressly *without* prejudice, (2) the dismissal followed an amendment to the initial Complaint after Defendants' initial motion to dismiss was filed, and (3) Plaintiff has failed to show how an amendment would cure the defects at issue.

1. Plaintiff's FAC was Dismissed Without Prejudice.

This case was dismissed without prejudice. ER 19-20. A dismissal without prejudice permits a plaintiff to re-file the lawsuit, curing the defects in the original action. *See Generally Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008). Having rejected the opportunity to re-file afforded by the language of the dismissal, Plaintiff has sustained no injury by virtue of the trial court's ruling.

2. Plaintiff received the benefit of an amended complaint by his filing of the FAC after being confronted by a substantially identical Motion to Dismiss.

The FAC was filed after Defendants moved to dismiss the initial Complaint and was filed *because of* Defendant's Motion to Dismiss. *See* ER 1262 ("As a result of some of the issues you raise…I will be preparing and filing an amended complaint to be filed within 21 day [sic]

of your motion"). The amendments in the FAC were specifically designed to address the "derivative demand issue" and other deficiencies. Id.

After filing the FAC, Plaintiff successfully argued that Defendants' initial Motion to Dismiss was moot. *See* ER 4. The FAC was filed to prevent Fed. R. Civ. P. 12(b)(6) dismissal of the suit by addressing, through the FAC, the deficiencies first identified in the original Motion to Dismiss. Two of the deficiencies carried into the FAC were found by the District Court to require dismissal. Since the dismissal was without prejudice, Plaintiff was left with an open door to re-file a properly pleaded complaint, a door that he has closed and locked with this appeal.

The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990); *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) citing *Miller v. Yokohama Tire Corp.,* 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff now argues that the District Court should have given him a third opportunity to re-tool his claims. It is not clear how many chances Plaintiff believes he should be given to draft sufficient factual allegations establishing jurisdiction. Courts suggest that litigants are not owed

repeated attempts to amend their complaints to state a claim. *See Oran v. Stafford*, 226 F.3d 275, 290—291 (3d Cir. 2000) (denying leave to amend as futile where plaintiffs had already amended once and proposed "new" facts failed to change the court's previous decision dismissing the complaint); *In re Cybershop.com Sec. Litig.*, 189 F. Supp.2d 214, 236—237 (D.N.J. 2002) (denying leave to amend where amendment would not cure the deficiencies of the complaint).

3. Plaintiff has failed to explain how an amendment would have cured the Rule 23.1–and other– defects.

The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Generally, courts liberally grant amendments to pleadings when "justice so requires." However, "[d]espite this general policy, [the Ninth Circuit] affirms the district court's denial of leave to amend, [where a plaintiff] "has failed to set forth any facts"—before either the district court or this court—"which [s]he could add to save h[er] complaint." *Koshy v. Barbarosh*, No. 18-56159, 2019 WL 6970576, at *2

(9th Cir. Dec. 19, 2019), *quoting Janas v. McCracken* (*In re Silicon Graphics Inc. Secs. Litig.*), 183 F.3d 970, 991 (9th Cir. 1999), *superseded by statute on other grounds*; *see also Halkin v. VeriFone Inc.,* (*VeriFone Secs. Litig.*), 11 F.3d 865, 872 (9th Cir. 1993) (affirming the district court's dismissal of an action with prejudice where plaintiffs failed to "point to facts which might be added to save their complaint").

When the plaintiff does not explain how an amendment could cure Rule 23.1 defects, there can be no abuse of discretion in refusing a request for leave to amend. *Puri v. Khalsa*, 674 F. App'x 679, 683 (9th Cir. 2017) ("Because the plaintiffs do not explain how amendment could have cured the Rule 23.1(a) defects, there was no abuse of discretion in dismissing the derivative claims with prejudice").

Before the District Court, Plaintiff did not file a motion for leave to amend. Plaintiff merely suggested in a single sentence in his response to Defendants' Motion to Dismiss the FAC: "If this Court finds any deficiency in the FAC, Plaintiff should be granted leave to file an amended complaint to cure." ER 1374. Plaintiff did not explain how the defects in the FAC could or would be cured before the District Court. Despite the benefit of Judge Peterson's 20-page written order detailing

the specific deficiencies in Plaintiff's FAC, Plaintiff offers this Court no additional suggestions as to how another amendment to the Complaint would change the outcome.

Plaintiff failed below or on appeal to brief or analyze the *Corinthian* factors and should not be heard in rebuttal to address the factors or any engage in any analysis of them. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986), *Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1020 (9th Cir. 2014).

## D. The District Court correctly addressed evidentiary issues.

Plaintiff makes two assignments of error on appeal concerning evidentiary rulings. First, Plaintiff contends the District Court erroneously sustained Plaintiff's objection to sworn statements submitted by the Defendants. Second, Plaintiff argues the District Court abused its discretion in refusing to give judicial notice to various documents in support of Plaintiff's argument below that the claims were not barred by the statute of limitations.

In the initial, since mooted Motion to Dismiss, Defendants filed the Louvier Affidavit (ER 124-235) and the Foster Declaration (ER 236-710). The documents were not considered because – at Plaintiff's request –

Defendants' Motion was rendered moot by the filing of the FAC. Along with Defendants' Motion to Dismiss the FAC, Defendants filed the Munding Declaration. Plaintiff objected to and moved to strike the Louvier Affidavit, the Foster Declaration, and the Munding Declaration. The District Court declined to consider the Louvier Affidavit and the Foster Declaration because they were filed only in support of a Motion to Dismiss which was deemed moot at Plaintiff's request. ER 4.

1. The derivative demand letters were properly excluded in connection with Plaintiff's objection.

Plaintiff argues now that the District Court abused its discretion by ruling *sua sponte* and "without citing any authority" that it would not consider declarations previously filed in support of Defendants' initial Motion to Dismiss – deemed as moot at Plaintiff's request. *Appellant's Opening Brief,* p. 42. Plaintiff objected to and moved to strike the identical declarations he now seeks to utilize. Plaintiff below referred to the filings as "wholly improper," (ER 1263) suggested that defense counsel violated the Rules of Professional Conduct by filing them (ER 1259), and advised defense counsel in no uncertain terms that he would "not consent to the admissibility of [the Foster] declaration." (1265).

The documents appended to the declarations which the District Court declined to consider due to mootness (which Plaintiff did not object to below) consist of two derivative demand letters (ER 180-201) and pleadings in the California Litigation (ER 1482, 469, 1001-1090). The documents were attached to the Louvier Affidavit. ER 127. Plaintiff claims that he did not ask the District Court to strike the June 13, 2016 derivative demand letter and other documents. His argument is simply untrue. Plaintiff wrote: "Defendants improperly submit three declarations and forty-seven attached exhibits in support of their Motion to Dismiss the First Amended Complaint…Those three declarations are **entirely inadmissible.** Thus, this Court should grant Plaintiff's motion to strike and exclude those matters." ER 1341. *See Also* p. 2 ("Thus, those three declarations, along with the attached forty-seven exhibits, should be stricken and excluded"). And as set forth, *supra*, Plaintiff's counsel asserted that the entirety of the Louvier Affidavit – and all of its attachments – should be stricken. ER 1343. Plaintiff doubled down on the request to strike the Louvier Affidavit in his reply briefing. ER 1443.

Plaintiff stated that he was "conditionally" citing to such documents in response to Defendants' Motion to Dismiss the FAC "[w]ithout waiving

any issues in Plaintiff's Motion to Strike." ER 1358. Plaintiff advised the District Court that it "may" consider such documents only "if it elects to take judicial notice." ER 1357-1358. He now argues that the District Court abused its discretion in either failing to grant judicial notice which he did not request or in granting a motion to strike that he initiated.

Plaintiff cannot be heard to complain before this Court that the District Court granted the relief he requested. In *Hudson v. Wylie,* 242 F.2d 435, 448 (9th Cir. 1957) the Court explained:

> [A] litigant cannot take a contrary position, one in which he has sought and procured an order, ruling, or judgment in the trial court, and another in the reviewing court in which he complains of such order, ruling or judgment.. One may not on review complain of issues, proof, and variance where such errors were committed or invited by complainant, nor where the objection is inconsistent with the position taken below.

*See Also Knapp v. Ernst & Whinney,* 90 F.3d 1431 (9th Cir. 1996) (error which is invited is "unreviewable").

2. The judicial notice issue is of no consequence where it relates only to Plaintiff's statute of limitations problem.

Plaintiff next argued that the District Court abused its discretion by failing to take judicial notice of documents referenced by his counsel during oral argument. By appellant's own admission the only import of

those documents related to the statute of limitations which is not properly before this Court. *Appellant's Brief on Appeal, p. 43-44.*

## E. Plaintiff's request for an advisory opinion should be rejected.

Plaintiff correctly cites *Cassirer v. Thyssen-Bornemisza Collection Found.,* 862 F.3d 951, 974 (9th Cir. 2017) for the proposition that a district court decision may be affirmed on any ground supported by the record. That is inapplicable concerning Defendants' statute of limitations defense.

Plaintiff predicted in his opening brief that Defendants would argue that this court should affirm the District Court on alternative grounds: that the underlying legal malpractice claims are time-barred. While it is completely accurate that the District Court expressed "serious concerns going to the merits of Plaintiff's claims" because of the statute of limitations, it did not rule on the issue. ER 18-20. Defendants did not seek review of the statute of limitations issue because the District Court was not afforded an opportunity to decide it. Plaintiff now seeks a contingent advisory opinion: if this Court reverses the District Court, Plaintiff seeks appellate prophylaxis against a statute of limitations defense.

Article III of the United States Constitution prohibits advisory opinions. As Justice Jackson explained for the Court: "[O]ur power is to correct wrong judgments, not to revise opinions. We are not permitted to render an advisory opinion, and if the same judgment would be rendered by the state court after we corrected its views of federal laws, our review could amount to nothing more than an advisory opinion." *Herb v. Pitcairn,* 324 U.S. 117, 125–126, 65 S.Ct. 459, 89 L.Ed. 789 (1945).

This Court should decline Plaintiff's invitation to "enter findings" concerning an issue which was not ruled upon by the District Court.

**F. Costs be awarded in Munding's favor.**

Defendant Munding respectfully requests an award of costs pursuant to FRAP 39(a)(2).

## VII.  CONCLUSION.

Defendants John and Karen Munding, Crumb & Munding, P.S., and Munding, P.S. very respectfully request that the orders of the Honorable Rosanna M. Peterson be affirmed.

Dated this 15th day of January, 2020.

By:      /s/ Markus W. Louvier
     Markus W. Louvier, WSBA #39319
     EVANS, CRAVEN, & LACKIE, P.S.
     Attorneys for Appellees
     Evans, Craven & Lackie, P.S.
     818 W. Riverside Ave., Ste. 250
     Spokane, WA 99201
     Email: mlouvier@ecl-law.com

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with 32(a)(7)(B)(i) because it contains 5,747 words, according to the word Count feature in the Microsoft Word software, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word software in Century Schoolbook, 14-point, Font.

Dated this 15th day of January, 2020.

By:       /s/ Markus W. Louvier
Markus W. Louvier, WSBA #39319
EVANS, CRAVEN, & LACKIE, P.S.
Attorneys for Appellees
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
Email: mlouvier@ecl-law.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of  January, 2020,  I electronically filed the foregoing brief, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system which will send notification to the following:

**COUNSEL FOR PLAINTIFF**
Roderick C. Bond
Roderick Bond Law Office PLLC
601 108th Avenue NE, Suite 1900
Bellevue, WA 98004
rod@roderickbond.com
Attorney for Plaintiff/Appellant


By:  _____ /s/ Markus W. Louvier
Markus W. Louvier, WSBA #39319
EVANS, CRAVEN, & LACKIE, P.S.
Attorneys for Appellees
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Ste. 250
Spokane, WA 99201
Email:  mlouvier@ecl-law.com