# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DALE L. MIESEN, an individual who is a shareholder and who is also bringing this action on behalf of and/or in the right of AIA Services Corporation and its wholly owned subsidiary AIA Insurance, Inc., Plaintiff-Appellant,

v.

JOHN D. MUNDING, married individual and the community property comprised thereof; MUNDING, P.S., a Washington Professional Services Corporation; CRUMB & MUNDING, P.S., a Washington Professional Services Corporation, Defendants-Appellees,

and

JOHN OR JANE DOES I-III, unknown individuals; AIA SERVICES CORPORATION, an Idaho corporation and AIA INSURANCE, INC., an Idaho corporation, Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON, SPOKANE
THE HON. ROSANNA MALOUF PETERSON,
U.S. DISTRICT JUDGE, PRESIDING

## APPELLANT'S REPLY BRIEF

Roderick C. Bond
Roderick Bond Law Office, PLLC
601 108th Ave. NE, Ste. 1900
Bellevue, WA 98004
Tel: (425) 591-6903
rod@roderickbond.com
Attorney for Plaintiff-Appellant Dale L. Miesen

# TABLE OF CONTENTS

I.  THIS COURT AND THE DISTRICT COURT HAVE JURISDICTION .....1

    A.  The Munding Defendants Concede the District Court Has Jurisdiction. ...........................................................................................1

    B.  The Munding Defendants Concede that this Court Has Jurisdiction. ...........................................................................................1

    C.  The Munding Defendants Concede Miesen's Appeal Is Timely..........3

II. MIESEN CORRECTLY STATES THE ISSUES ON REVIEW ...................3

III. MIESEN'S STATEMENT OF THE CASE IS ACCURATE ........................4

    A.  Miesen's Factual Background Is More Accurate.................................4

    B.  Miesen's Procedural History Is Accurate. ...........................................4

IV. MIESEN'S SUMMARY OF THE ARGUMENT IS ACCURATE ..............5

V.  ARGUMENT.................................................................................................5

    A.  Miesen Accurately States the Standards of Review and the Munding Defendants Concede that Washington Law Applies to the Statute of Limitations Defense.......................................................5

    B.  Miesen Properly Named the AIA Corporations as Defendants Because Their Management Were Antagonistic to Miesen (and the Other Minority Shareholders) and, in the Alternative, the District Court Erred by Not Complying with Its Duty to Determine Proper Alignment. ............................................................................................6

    C.  Miesen's Two Derivative Demand Letters Were More Than Sufficient, the AIA Corporations Never Requested Any Clarification or Any Further Information in Response to the Letters, and Miesen's FAC Complied With Rule 23.1.......................13

D.    The District Court Erred by Refusing to Grant Miesen Leave to Amend. ........................................................................18

      1.    There Was No Basis for the District Court to Dismiss Miesen's Claims Without Granting Him Leave to Amend to Cure Any Deficiencies. ...........................................18

      2.    The Munding Defendants' Argument Regarding the Dismissal of Miesen's FAC Without Prejudice Lacks Merit. ...19

      3.    Miesen Received No "Benefit" from Filing the FAC. ............19

      4.    Miesen Never Moved to Amend Because Neither the District Court nor the Munding Defendants Ever Provided any Specific Reasons Why the FAC Was Deficient. ................20

E.    The District Court Erred by Failing to Consider Certain Evidence. ....21

      1.    The Munding Defendants Concede that the Derivative Demand Letters Should Have Been Considered Without Violating Rule 12(d). ................................................21

      2.    Miesen Did Not Invite the District Court's Error. ....................22

      3.    The District Court Erred by Not Taking Judicial Notice of the Documents Requested by Miesen. ......................................25

F.    This Court Should Not Affirm on the Alternative Grounds of the Statute of Limitations. ........................................................26

      1.    By Not Responding, the Munding Defendants Concede that Miesen's Claims for Legal Malpractice, Breach of Fiduciary Duties and Other Applicable Claims Are Not Time Barred Based on the Continuous Representation Rule. ..26

      2.    Miesen Is Not Seeking an Advisory Opinion—He Is Maintaining that this Court Should Decline to Affirm on the Alternative Grounds that Miesen's Claims Are Time-Barred. ......................................................................28

G.    Costs on Appeal Should Be Awarded to Miesen. ................................30

VI.   CONCLUSION.............................................................................30

VII.  CERTIFICATE OF COMPLIANCE WITH RULE 32(a)...........................31

# TABLE OF AUTHORITIES

## CASES

*ASW v. Oregon*,
424 F.3d 970 (9th Cir. 2005) .............................................................. 9, 10

*Ctr. for Biological Diversity v. U.S. Forest Serv.*,
925 F.3d 1041 (9th Cir. 2019) ................................................................29

*Deland v. Old Republic Life Ins. Co.*,
758 F.2d 1331 (9th Cir.1985) .................................................................22

*ECHO, Inc. v. Whitson Co., Inc.*,
52 F.3d 702 (7th Cir. 1995) ......................................................................6

*Haberman v. Washington Public Power Supply System*,
109 Wash.2d 107, 744 P.2d 1032 (Wash. 1987) ......................................5

*In re Digimarc Corp. Derivative Litig.*,
549 F.3d 1223 (9th Cir. 2008) ..................................................................8

*In re Iso Ray, Inc. Securities Litigation*,
189 F.Supp.3d 1057 (E.D. Wash. 2016) .................................................23

*Janicki Logging & Const. Co., Inc. v. Schwabe, Williamson & Wyatt, P.C.*,
109 Wash. App. 655, 37 P.3d 309 (Wash. Ct. App. 2011) ....................26

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................ 9, 15

*Lockton v. O'Rourke*,
184 Cal.App.4th 1051, 109 Cal.Rptr.3d 392 (Cal. Ct. App. 2010)......................27

*McGuckin v. Smith*,
974 F.2d 1050 (9th Cir. 1992) ...................................................... 2, 3, 19

*Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC*,
86 F.Supp.3d 1130, 1138 (D. Nevada 2015).........................................22

***Miesen v. Henderson***,
    No. 1:10-cv-00404-CWD, 2017 WL 1458191 (D. Idaho April 21, 2017) ... 17, 18

***Nissho–Iwai Am. Corp. v. Kline***,
    845 F.2d 1300 (5th Cir. 1988) .................................................................11

***Orr v. Bank of Am., NT & SA***,
    285 F.3d 764 (9th Cir. 2002) .................................................................11

***Polich v. Burlington Northern, Inc.***,
    942 F.2d 1467 (9th Cir. 1991) ......................................................... 19, 20

***Quinn v. Anvil Corp.***,
    620 F.3d 1005 (9th Cir. 2010) ................................................................7

***Seizer v. Sessions***,
    132 Wash.2d 642, 940 P.2d 261 (Wash. 1997) ...................................27

***Smith v. Sperling***,
    354 U.S. 91, 77 S.Ct. 1112 (1957) ................................................. 2, 11, 12

***Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.***,
    802 F.Supp.2d 1125 (C.D. Cal. 2011) ................... 1, 2, 3, 6, 12, 14, 19, 21, 26, 27

***Taylor v. Hawley Troxell Ennis & Hawley, LLP***,
    628 Fed.Appx. 490 (9th Cir. 2015) .......................................................8

***U.S. v. Corinthian Colleges***,
    655 F.3d 984 (9th Cir. 2011) .................................................................29

***United States v. Prairie Pharmacy, Inc.***,
    921 F.2d 211 (9th Cir. 1990) .................................................................5

## STATUTES

**Idaho Code section 30-29-742** (2015) ......................................... 14, 15, 16, 17, 18

## RULES

**Circuit Rule 39-1** ....................................................................................30

**Fed. R. App. P. 39(a)(2)** ...........................................................................30

**Fed. R. App. P. 39(a)(3)** ...........................................................................30

**Fed. R. Civ. P. 12(b)** ..................................................................... 3, 24, 25

**Fed. R. Civ. P. 12(b)(6)** .............................................. 9, 22, 23, 24, 29

**Fed. R. Civ. P. 12(d)** ........................................... 21, 22, 23, 24, 25

**Fed. R. Civ. P. 15(a)(1)** ...........................................................................20

**Fed. R. Civ. P. 23.1** ........................................ 13, 14, 15, 16, 17, 18, 21

**Fed. R. Evid. 201** ....................................................................................22

**LR 7.1(a)(2)** ............................................................................................22

Miesen responds to the Munding Defendants Answering Brief (Dkt. **17**):[1]

# I. <u>THIS COURT AND THE DISTRICT COURT HAVE JURISDICTION</u>

## A. <u>The Munding Defendants Concede the District Court Has Jurisdiction</u>.

Miesen maintains that the district court has diversity jurisdiction. (Appellant's Br. at 1.) The Munding Defendants argue that they "contest [Miesen's] factual assertions and conclusion concerning diversity jurisdiction as set forth *infra*." However, the Munding Defendants fail to address the fundamental facts regarding citizenship of the parties or the amount in controversy (which is over $1,000,000). (Answering Br. at 1, 23-31.) Both elements indisputably establish diversity jurisdiction. The Munding Defendants' failure to dispute these facts confirms the error in dismissing this lawsuit for lack of jurisdiction. ***Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.***, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011). Thus, this Court has jurisdiction.

## B. <u>The Munding Defendants Concede that this Court Has Jurisdiction</u>.

Miesen maintains that this Court has jurisdiction over this appeal. (Appellant's Br. at 1-2.) The Munding Defendants argue that they "agree this Court has jurisdiction as a consequence of the trial court's dismissal of [the]…FAC."

---

[1] Miesen's citations to the Appellant's Brief and the Answering Brief will be to the page numbers at the bottom of each page (<u>not</u> the blue, file-stamped page numbers at the top of each page).

(Answering Br. at 1.) Thus, the Munding Defendants concede that this Court has jurisdiction. ***Stichting***, 802 F.Supp.2d at 1132.

The Munding Defendants also disingenuously argue that "the dismissal was <u>without</u> prejudice permitting [Miesen] to re-file" and that Miesen "rejected that opportunity and instead pursued this appeal." (*Id*. (underlined emphasis in original).) Their arguments are without merit.

**<u>First</u>**, Miesen has a right to appeal even though the district court ruled that Miesen's "case [could be] refiled."[2] (1 ER 18.) ***McGuckin v. Smith***, 974 F.2d 1050, 1053 (9th Cir. 1992) (holding an order dismissing without prejudice is an appealable decision and "[t]he fact that the plaintiff could refile the action in another (state or federal) court—or in the same court in a new action—is irrelevant to the finality inquiry.") (citation omitted) (overruled on other grounds).

**<u>Second</u>**, the Munding Defendants do not explain or provide any authority how their arguments impact this appeal. In any event, Miesen maintains that the

---

[2] It is perplexing how, on one hand, the district court would dismiss Miesen's complaint without prejudice to allow him to refile his case thereby re-setting the clock on the statute of limitations. Yet, on the other hand, the district court stated that it "has serious concerns going to the merits of [Miesen's] claims, particularly whether the legal malpractice claim can survive the challenge of an expired statute of limitations." (1 ER 18.)

allegations in the FAC were sufficient and amending the FAC was unnecessary.[3] (Appellant's Br. at 23-39.) *McGuckin*, 974 F.2d at 1053 ("there is an important exception to that general rule [that a dismissal with leave to amend is not an appealable order]: 'if the plaintiff cannot cure the defect that led to dismissal or elects to stand on the dismissed complaint ... the order of dismissal is final and appealable.'") (citations omitted). Miesen is standing on his FAC and he has no desire to file a new action (including by paying yet another filing fee). (6 ER 1091-1157.) Therefore, this Court has jurisdiction over this appeal.

## C. The Munding Defendants Concede Miesen's Appeal Is Timely.

Miesen maintains that his appeal is timely. (Appellant's Br. at 2.) By not responding, the Munding Defendants concede this issue. (Answering Br. at 1-2.) *Stichting*, 802 F.Supp.2d at 1132. Thus, this appeal is timely.

## II. MIESEN CORRECTLY STATES THE ISSUES ON REVIEW

Miesen maintains that the issues presented on review, as he articulated, more accurately states the issues presented on appeal. (*Compare* Appellant's Br. at 2-3

---

[3] The district court's order did not explain how diversity jurisdiction did not exist or how the parties could be realigned for such jurisdiction to exist. (1 ER 16-20.) Thus, it is unclear how Miesen can cure the district court's perceived deficiencies of the FAC. Consequently, Miesen also maintains that the district court separately erred by dismissing without leave to amend. (Appellant's Br. at 39-41.) However, this Court need not reach that issue if it agrees with Miesen that the allegations in the FAC were sufficient to survive the Rule 12(b) motion to dismiss.

*with* Answering Br. at 1-2.)

### III.  MIESEN'S STATEMENT OF THE CASE IS ACCURATE

#### A.  Miesen's Factual Background Is More Accurate.

Miesen maintains the facts, as articulated in his Brief, more accurately restate the facts and he objects to the Munding Defendants' alleged "facts" with no citations to the record and/or which are incorrect. (*Compare* Appellant's Br. at 4-13 (and the parts of the record cited to) *with* Answering Br. at 2-4 (and the parts of the record cited to).)

#### B.  Miesen's Procedural History Is Accurate.

Miesen maintains the procedural history as articulated in his Brief are accurately stated and he objects to the Munding Defendants' inaccurate allegations. (*Compare* Appellant's Br. at 13-19 (and the parts of the record cited to) *with* Answering Br. at 4-8 (and the parts of the record cited to).) For example, contrary to the Munding Defendants' allegations, Miesen did not allege that "AIA Services and AIA Insurance were both plaintiffs and defendants." (Answering Br. at 5.) (*See* 2 ER 26-27 ¶¶ 16-18.) Miesen named the AIA Corporations as defendants and *only* as defendants. (2 ER 21, 26 ¶¶ 13-14.)

## IV.  MIESEN'S SUMMARY OF THE ARGUMENT IS ACCURATE

Miesen maintains that his summary of the argument more accurately states

the arguments.[4] (*Compare* Appellant's Br. at 21-23 *with* Answering Br. at 10-11.)

## V.  ARGUMENT

### A.  Miesen Accurately States the Standards of Review and the Munding Defendants Concede that Washington Law Applies to the Statute of Limitations Defense.

Miesen maintains that he accurately states the standards of review. (*Compare*

Appellant's Br. at 20-21 *with* the Answering Br. at 8-10.) Contrary to the Munding

Defendants' allegations, in *U.S. v. Prairie Pharmacy*, this Court did not hold that

"the District Court may be reversed only if there is no reasonable basis to support

the district court's decision." (Answering Br. at 10-11 (quoting *United States v.*

*Prairie Pharmacy, Inc.*, 921 F.2d 211, 212–13 (9th Cir. 1990)).) The issue in *Prairie*

*Pharmacy* involved the "determination of excusable neglect." 927 F.2d at 212.

Excusable neglect is not an issue on this appeal. Thus, the Munding Defendants'

---

[4] It is unclear why the Munding Defendants assert that Miesen "is not a shareholder in AIA insurance, which is a corporation wholly owned by AIA Services." (Answering Br. at 8 n.2.) To the extent they seek to incorrectly argue that Miesen cannot sue derivatively on behalf of AIA Insurance as they did before the district court (7 ER 1300), Miesen may pursue "double derivative" claims on behalf of AIA Services' wholly owned subsidiary AIA Insurance. ***Haberman v. Washington Public Power Supply System***, 109 Wash.2d 107, 147-149, 744 P.2d 1032, 1060-1061 (1987) (holding that a shareholder had standing to assert double derivative legal malpractice claims).

reliance on *Prairie Pharmacy* is misplaced. Contrary to the Munding Defendants' argument, this Court can reverse under either standard of review for the same reasons asserted below and in Miesen's Appellant's Brief. (Answering Br. at 10 n.3.)

While the Munding Defendants argue that they "disagree with the assertion that the substantive law of the State of Washington applies" as to whether Miesen's "action is time-barred" (Answering Brief at 11), they concede Washington law applies by failing to conduct a conflict of law analysis or by asserting another state's law should apply. *See, e.g., ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995) (noting that, "[w]here neither party argues that the forum state's choice of law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law."); *Stichting*, 802 F.Supp.2d at 1132.

The Munding Defendants disingenuously argue that Miesen seeks an advisory opinion. (Answering Br. at 11.) Miesen is not seeking an advisory opinion. Miesen maintains that this Court should <u>not</u> affirm on the alternative grounds because his claims are not time barred. (*See* Appellant's Br. at 45-51; *infra* at 26-29.)

**B. <u>Miesen Properly Named the AIA Corporations as Defendants Because Their Management Were Antagonistic to Miesen (and the Other Minority Shareholders) and, in the Alternative, the District Court Erred by Not Complying with Its Duty to Determine Proper Alignment</u>.**

Miesen maintains that the district court erred because the AIA Corporations were properly named as defendants because management is antagonistic to Miesen

and that the court separately erred by not determining proper alignment. (Appellant's Br. at 23-31.) The Munding Defendants disregard the facts and the law; they assert disingenuous and unsupported arguments. (Answering Br. at 17-20.) While Miesen maintains that the Munding Defendants' arguments do not even merit a response, he will nevertheless address each argument in turn.

**First**, the Munding Defendants nonsensically argue, as they did before the district court, that Miesen's "FAC designated AIA Services and AIA Insurance as plaintiffs and defendants. This designation destroys diversity jurisdiction since both corporations are Idaho citizens."[5] (Answering Br. at 18; 7 ER 1300.)

"A derivative action is an extraordinary process where courts permit 'a shareholder to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own.'" ***Quinn v. Anvil Corp.***, 620 F.3d 1005, 1112 (9th Cir. 2010) (citations omitted).

> Because a derivative lawsuit brought by a shareholder is "not his own but the corporation's," the corporation "is the real party in interest" and usually properly aligned as a plaintiff. There is an exception, however, when a corporation's officers or directors are "antagonistic" to the interests of the shareholder plaintiff(s).

---

[5] The Munding Defendants also make the same incorrect argument in the procedural history portion of their brief where they argue that Miesen "alleged AIA Services and AIA Insurance were both plaintiffs and defendants" (Answering Br. at 4.)

- 7 -

*In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).

Here, Miesen's FAC clearly alleges that he is the plaintiff and that the AIA Corporations are defendants. (6 ER 1091, 1097-98.) Since the Munding Defendants made the same nonsensical argument in their first Motion to Dismiss (2 ER 105), Miesen even included additional allegations in the FAC stating that the AIA Corporations: "…are not, and could not be, named as plaintiffs or nominal plaintiffs…" (6 ER 1099.) Notably, this Court and another district court easily recognized that the caption was proper and that the AIA Corporations were properly named as defendants in a related pending derivative action.[6] *See Taylor v. Hawley Troxell Ennis & Hawley, LLP*, 628 Fed.Appx. 490 (9th Cir. 2015). (Dkt. **11-2** at 284-360, 390-473, 474, 532.) Thus, the AIA Corporations are *not* named as *both* plaintiffs and defendants—they are properly named *only* as defendants.

<u>**Second**</u>, the Munding Defendants argue that "[w]hile a district court may realign the parties to support diversity jurisdiction, a complaint which does not supply sufficient specificity to determine proper alignment is untenable." (Answering Br. at 18.) This unsupported argument is without merit. Miesen's FAC

---

[6] Miesen was one of the two shareholder plaintiffs in that lawsuit, but the undersigned only represented Donna Taylor at the time of that appeal. (Dkt. **11-2** at 284.) Miesen was subsequently named as the sole shareholder plaintiff. (*Id.* at 390.)

alleges over 40 pages of detailed facts, which must be accepted as true, and attached copies of AIA Services' amended articles of incorporation and restated bylaws, from which the district court should have readily concluded that the AIA Corporations could only be aligned as defendants because management was antagonistic. (6 ER 1094-1197.) ***ASW v. Oregon***, 424 F.3d 970, 974 (9th Cir. 2005) (This Court "accept[s] as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party."). "Indeed, factual challenges to [Miesen's FAC] have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." ***Lee v. City of Los Angeles***, 250 F.3d 668, 688 (9th Cir. 2001). Miesen properly named the AIA Corporations as defendants because their officers and directors are antagonistic to Miesen (and the other minority shareholders).[7] Accordingly, the facts alleged in the FAC were not conclusory—but the Munding Defendants' arguments are more than conclusory.

**Third**, the Munding Defendants argue for unknown reasons that Miesen "alleged that the AIA Entities were antagonistic to him 'for the reasons stated in [the] Complaint.'" (Answering Br. at 19 (citing 6 ER 1098-99).) They are correct.

---

[7] While the present and former directors and officers of the AIA Corporations are not parties to this lawsuit, they are named as defendants in another pending derivative action brought by Miesen in U.S. District Court in Idaho. (Dkt. **11-2** at 390.)

Miesen's FAC provided over 40 pages of detailed facts and allegations to establish antagonism. (6 ER 1094-1138.) The Munding Defendants cannot and do not address any of those specific facts, which must be accepted as true. *ASW*, 424 F.3d at 974.

**Fourth**, the Munding Defendants argue that, before the district court, Miesen "claimed that the alleged antagonism justifying the AIA Entities' designation as defendants was the reaction (by inaction) to the derivative demand letters" and that Miesen "offered the trial court no additional arguments or factual citations concerning the alleged antagonism." (Answering Brief at 19 (citing 7 ER 1361).) Miesen cited to over 40 pages of facts to establish antagonism (including that his derivative demands had been rejected) and he asserted that diversity would exist even if the district court did not agree that management was antagonistic. (7 ER 1361 (citing 6 ER 1097-1155).) Those well-pleaded factual allegations, which must be accepted as true, more than established antagonism. *ASW*, 424 F.3d at 974.

**Fifth**, contrary to the Munding Defendants argument that the district court noted that Miesen cited to no authority that the rejection of the derivative demands alone is not sufficient (Answering Br. at 19), the Munding Defendants and district court are both incorrect. Miesen cited authorities and asserted "[w]hen the AIA Entities' purported boards rejected [Miesen's] derivative demands, they became antagonistic and were properly named as defendants" (7 ER 1361)—just as Miesen

asserted on appeal. (7 ER 1360-61 (citing *Smith v. Sperling*, 354 U.S. 91, 95-97, 77 S.Ct. 1112 (1957)); Appellant's Br. at 26-27.) Notably, before the district court, the Munding Defendants never raised the argument that the rejection of derivative demands could not establish antagonism and they never responded to Miesen's argument or authorities that it did. (*Id.*; 7 ER 1299-1300, 1429-30; *see also* Dkt. 11-2 at 388-89.) Accordingly, the district court and the Munding Defendants were both incorrect.

**Sixth**, the Munding Defendants argue that the district court "was not obligated to comb through the FAC to cobble together facts to support finding subject matter jurisdiction." (Answering Br. at 18-19.) Miesen cited to facts and the cited cases are distinguishable. (7 ER 1360-61.) ***Orr v. Bank of Am., NT & SA***, 285 F.3d 764, 775 (9th Cir. 2002) (noting that deposition transcripts may not be considered if the page and line number cites are not provided on summary judgment); ***Nissho–Iwai Am. Corp. v. Kline***, 845 F.2d 1300, 1307 (5th Cir. 1988) (noting that the court need not search the entire record for a summary judgment motion and new affidavits may not be considered).

**Seventh**, the Munding Defendants nakedly and disingenuously argue that Miesen "doubles down on his failures below to provide the trial court with authority or appropriately pleaded allegations properly brought [to] the District Court which

justify and substantiate the allegations of antagonism necessary for diversity" and "failed to explain how the interests of AIA Insurance or AIA Services…were antagonistic to his interests." (Answering Br. at 20.) They are incorrect. The Munding Defendants fail to address the fact that diversity jurisdiction would exist irrespective of whether the AIA Corporations are aligned and plaintiffs or defendants. Miesen specifically provided sufficient information and citations to the record to the district court and this Court to establish antagonism and how diversity existed under any scenario. (Appellant's Br. at 23-31; 7 ER 1360-61.) To reiterate, while the FAC separately alleges sufficient facts to establish antagonism (6 ER 1094-1138), the AIA Corporations' rejection and refusal to act on Miesen's two derivative demands are dispositive to establish antagonism. *Smith*, 354 U.S. at 95-97. (6 ER 1134-35; Appellant's Br. at 26-27; *see also* Dkt. **11-2** at 388-89.)

**Eighth**, by not responding, the Munding Defendants concede that the district court failed to exercise its duty to determine alignment for purposes of diversity jurisdiction and that, at the very least, the AIA Corporations should have been aligned as nominal plaintiffs rather than dismissing the lawsuit. (*Compare* Appellant's Br. at 29-31 *with* Answering Br. at 17-20.) *Stichting*, 802 F.Supp.2d at 1132.

Accordingly, the district court erred when it failed to consider and accept as true the well-pleaded allegations in Miesen's FAC that established antagonism and demonstrated that Miesen properly named the AIA Corporations as defendants. Thus, this Court should reverse and reinstate the FAC. Alternatively, the district court erred because diversity jurisdiction would exist irrespective of whether the AIA Corporations were named as plaintiffs or defendants. If this Court disagrees with Miesen and holds that the AIA Corporations should be aligned as nominal plaintiffs, then this Court should reverse and remand with instructions to grant Miesen leave to amend (as discussed below). *See infra* at 19-21.

C. **Miesen's Two Derivative Demand Letters Were More Than Sufficient, the AIA Corporations Never Requested Any Clarification or Any Further Information in Response to the Letters, and Miesen's FAC Complied With Rule 23.1.**

Miesen maintains that the allegations in his FAC were sufficient to comply with the written derivative demand requirements and Rule 23.1. (Appellant's Br. at 31-39.) The Munding Defendants, like the district court, erroneously interject and conflate the pleading standard for a complaint set forth under Fed. R. Civ. P. 23.1

into the sufficiency of a demand letter.[8] (Answering Br. at 12-17; 1 ER 15-19.) Miesen's FAC met or exceeded the pleading requirements Rule 23.1 and the written demand requirements under Idaho Code section 30-29-742. While, once again, the Munding Defendants' arguments do not even warrant a response, Miesen will address each argument in turn.

**First**, the Munding Defendants concede Miesen's factual and legal arguments by failing to address them. (Appellant's Br. at 31-39; Answering Br. at 12-17.) *Stichting*, 802 F.Supp.2d at 1132.

**Second**, the Munding Defendants argue that the FAC is the "operative document in this case" and that the "demand letters were neither incorporated within [Miesen's] FAC nor attached thereto." (Answering Br. at 14.) They are incorrect. While Miesen maintains that the allegations in the FAC are sufficient to establish the two derivative demand letters were adequate to apprise the boards of the AIA Corporations of the desired action in compliance with Idaho Code section 30-29-742 without considering the two derivative demand letters, the two duplicate derivative demand letters should have been considered by the district court and this Court may

---

[8] Notably, the Munding Defendants thought so little of their jurisdictional and derivative demand sufficiency arguments that they did not even address them at the hearing held on the Motion to Dismiss. (7 ER 1463-96.) Ironically, they focused virtually their entire oral argument on the statute of limitations defense that they have now abandoned on appeal. (*Id.*)

consider them on appeal. *Lee*, 250 F.3d at 688 ("If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and "the plaintiff's complaint necessarily relies" on them."). Miesen's FAC relies upon the two derivative demand letters, their authenticity is not disputed, and they may be considered on appeal. (2 ER 180-90, 191-201; *see also* Dkt. 11-2 at 364-87.)

**Third**, the Munding Defendants argue that Miesen "offered two paragraphs in the FAC concerning [the] Munding [Defendants]." (Answering Br. at 15.) They are incorrect. Miesen's FAC contains three paragraphs specifically referencing only the Munding Defendants and other paragraphs applying to them and other requested defendants. (6 ER 1131-34.) The information was more than sufficient to request that the AIA Corporations file suit against the Munding Defendants.

**Fourth**, the Munding Defendants' argument regarding the district court's order and discussion regarding Rule 23.1 is without merit. (Answering Br. at 15.) The Munding Defendants conflate the pleading requirements under Rule 23.1 with the written derivative demand requirements under Idaho Code section 30-29-742 (2015). Miesen's FAC complied with Rule 23.1, which provides in pertinent part:

> The complaint must be verified and must:
> > (1) allege that the plaintiff was a shareholder...at the time of the transaction complained of…;
> > (2) allege the action is not a collusive one to confer jurisdiction

- 15 -

that the court would otherwise lack; and

  (3) state with particularity:

    (A) any effort by the plaintiff to obtain the desired action from the directors…; and

    (B) for the reasons for not obtaining the action or not making the effort.

**Fed. R. Civ. P. 23.1**. Miesen's FAC alleged that: (1) he was a shareholder "during all relevant times for the claims and relief asserted in this [FAC]" (6 ER 1131 ¶ 82); (2) he is not pursuing the lawsuit in a collusive manner (including that he is pursuing the claims for creditors, 401(k) plan participants owed over $1,500,000 and other shareholders) (6 ER 1137-38 ¶¶ 94-95); and (3) he described his efforts to provide two derivative demand letters and that he did not file suit until well after the expiration of the 90-day waiting period. (6 ER 1131-37 ¶¶ 83-92.)

The adequacy of Miesen's two written demand letters, however, are governed by Idaho law—specifically, Idaho Code section 30-29-742 (2015)—which Miesen previously addressed and complied with (including providing sufficient information and waiting the required 90-day period for the first letter and until receiving the rejection letter for the second letter). (Appellant's Br. at 31-39.) The allegations in Miesen's FAC alone provide a detailed outline for the claims asserted in the FAC. (6 ER 1131-35.)

Accordingly, the adequacy of Miesen's demand letters is wholly unrelated to Rule 23.1 and Miesen's FAC complied with *both* Rule 23.1 and Idaho Code section

30-29-742 (2015). Thus, the Munding Defendants are wrong and the district court erred by dismissing the FAC.

**Fifth**, the Munding Defendants argue that Miesen's reliance upon the ruling of U.S. Magistrate Judge Candy Dale addressing the same two derivative demand letters in a related derivative proceeding "is unpersuasive for four reasons." (Answering Br. at 16-17.) Miesen will address each argument in turn.

Miesen provided the citation to Judge Dale's entire decision and the same operative demand letter was in the record (the second demand letter duplicated many paragraphs from the prior letter). (2 ER 180-90; 7 ER 1359-60 (quoting *Miesen v. Henderson*, No. 1:10-cv-00404-CWD, 2017 WL 1458191, at *7 (D. Idaho April 21, 2017)); *see also* Dkt. **11-2** at 364-74, 375-87.)

As explained above, the compliance with Rule 23.1 is entirely different from the adequacy of a derivative demand letter under Idaho Code section 30-29-742. *See supra* at 15-16. Judge Dale properly recognized that the adequacy of a demand under Idaho Code section 30-29-742 has nothing to do with pleading the allegations required under Rule 23.1. 2017 WL 1458191, at *7.

While it is true that Judge Dale did not specifically address the Munding Defendants (Answering Br. at 16-17), she correctly relied solely upon the plain meaning of Idaho Code section 30-29-742 and followed the ABA Comments relied

upon Miesen that the boards of the AIA Corporations cannot complain because they did not request any clarification or additional information. 2017 WL 1458191, at *7. The district court erroneously failed to do conduct the same proper analysis.

While it is true that the district court dismissed this lawsuit "based solely upon the contents of the FAC" (Answering Br. at 17), Miesen complied with Rule 23.1 and Idaho Code section 30-29-742 for the reasons explained above and in Miesen's Brief. (Appellant's Br. at 31-39.)

Accordingly, the district court erred because Miesen's FAC complied with *both* Rule 23.1 and Idaho Code section 30-29-742—which are two distinct requirements. This Court should reverse and reinstate the FAC.

### D. <u>The District Court Erred by Refusing to Grant Miesen Leave to Amend</u>.

#### 1. There Was No Basis for the District Court to Dismiss Miesen's Claims Without Granting Him Leave to Amend to Cure Any Deficiencies.

To the extent that this Court does not reverse and reinstate the FAC as asserted above, Miesen maintains that the district court erred by dismissing his claims without granting him leave to amend to cure any perceived deficiencies. (Appellant's Br. at 39-41.) Indeed, the district court's order did not specify how the FAC was deficient so Miesen could cure the perceived deficiencies. (1 ER 15-19.) Moreover, the district court's dismissal without prejudice and acknowledgement that Miesen could re-file a new lawsuit is wholly incompatible with dismissing the FAC without

granting leave to amend. (*Id*. at 18-19.) The Munding Defendants do not address these issues thereby conceding that Miesen is correct. (Answering Br. at 21-25.) ***Stichting***, 802 F.Supp.2d at 1132. Thus, to the extent that this Court disagrees with Miesen above, this Court should reverse and allow Miesen an opportunity to amend on remand. ***Polich v. Burlington Northern, Inc.***, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper unless it is clear…that the complaint could not be saved by any amendment.").

## 2. The Munding Defendants' Argument Regarding the Dismissal of Miesen's FAC Without Prejudice Lacks Merit.

The Munding Defendants argue that Miesen "has sustained no injury by virtue of the trial court's ruling." (Answering Br. at 21.) This is patently untrue. The lawsuit was dismissed and Miesen has a right to appeal. ***McGuckin***, 974 F.2d at 1053. By dismissing the FAC without offering leave to amend, the district court prejudiced Miesen by suggesting he file an entirely new cause of action at a later date. This would require Miesen to pay another filing fee and the clock would be re-set on the statutes of limitations defense.

## 3. Miesen Received <u>No</u> "Benefit" from Filing the FAC.

The Munding Defendants argue that Miesen received a "benefit" from filing the FAC and that discretion to deny amendment is particularly broad after leave to amend has been previously granted. (Answering Br. at 21-22.) These arguments are

without merit. Miesen filed the FAC as a matter of right without a court order. **Fed. R. Civ. P. 15(a)(1)**. Miesen amended one time. (6 ER 1091-1197.) The cases cited by the Munding Defendants are inapplicable to the facts here. While the Munding Defendants argue for the first time on appeal that leave to amend should not be granted and that amendment would be futile, they fail to provide any specific basis to support their naked arguments.

   4. **Miesen Never Moved to Amend Because Neither the District Court nor the Munding Defendants Ever Provided any Specific Reasons Why the FAC Was Deficient.**

   The Munding Defendants argue that Miesen failed to explain how an amendment would cure any alleged defects. (Answering Br. at 23-25.) Their arguments are unavailing. Neither the Munding Defendants nor the district court could provide any specific deficiencies in Miesen's FAC—it was impossible for Miesen to seek to amend. In addition, the Munding Defendants disregard the fact that "[d]ismissal without leave to amend is improper unless it is clear…that the complaint could not be saved by any amendment." *Polich*, 942 F.2d at 1472. The district court erred because it implicitly recognized that an amendment could cure any undisclosed deficiencies when it dismissed the lawsuit without prejudice and stated that Miesen could re-file a new lawsuit. (1 ER 18-19.) The district court's order offered an abundance of legal conclusions without any *specific* analysis to

guide Miesen on how he could amend the FAC to cure any deficiencies. (1 ER 15-19.) If this Court finds any deficiencies in Miesen's FAC (including if this Court disagrees with Miesen and believes the AIA Corporations should be aligned as plaintiffs), this Court should reverse to allow Miesen an opportunity to amend on remand.

As to the Munding Defendants' arguments that Miesen failed to explain how "amendment could cure Rule 23.1 defects" (Answering Br. at 24), there are no Rule 23.1 defects in Miesen's FAC, as explained above. *See supra* at 15-16.

### E. <u>The District Court Erred by Failing to Consider Certain Evidence</u>.

#### 1. The Munding Defendants Concede that the Derivative Demand Letters Should Have Been Considered Without Violating Rule 12(d).

Miesen maintains that the district court erred by not considering his two duplicative derivative demand letters because they could have been considered without violating Rule 12(d) (but not the declaration the two letters were attached to) and that the district court separately erred by excluding any declarations previously filed in support of other motions if this case is remanded (and to the extent that the district court's ruling impacted the admissibility of the two duplicate derivative demand letters). (Appellant's Br. at 41-43.) The Munding Defendants concede, by not responding, that the district court erred as to those matters. (Answering Br. 25-28.) ***Stichting***, 802 F.Supp.2d at 1132. Thus, the district court

erred. This Court should reverse.

## 2. Miesen Did Not Invite the District Court's Error.

Rather than address the merits, the Munding Defendants disingenuously argue that Miesen invited the district court's error. (Answering Br. at 26-28.) They are incorrect. Miesen acknowledged that the two duplicative derivative demand letters could be considered without violating Rule 12(d) and he cited to one of them.

The invited error doctrine holds that "one may not complain on review of errors below for which he is responsible." *Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336–37 (9th Cir.1985) (internal quotation marks omitted).

Here, Miesen did not invite error. After the Munding Defendants moved to dismiss, Miesen filed a motion to strike to ensure that no matters were considered in violation of Rule 12(d) so that the motion was not converted to one for summary judgment. Miesen made clear that his concern was excluding any evidence that would violate Rule 12(d):

> Without requesting that this Court take judicial notice or explaining how it is permissible for this Court to consider any of the matters outside of the pleadings under Rule 12(b)(6), Defendants submitted three declarations in support of their Motion to Dismiss. (ECF 8, 9, 19, 20.) **Fed. R. Evid. 201; LR 7.1(a)(2)**. Thus, those three declarations, along with the attached forty-seven exhibits, should be stricken and excluded. *Id.*; **Fed. R. Civ. P. 12(d); *Meritage Homes***, 86 F.Supp.3d at 1138.

(7 ER 1342 (bold emphasis in original).) Miesen also asserted:

> **Even if the Defendants had properly addressed the three declarations and attached forty-seven exhibits** (ECF 8, 9, 20), they are still **largely** inadmissible:
>
>            \*         \*         \*
>
> [W]hile Exhibits M-N to Mr. Louvier's Affidavit are not specifically referenced by date in the FAC, Plaintiff concedes that those two letters (ECF 8-13, 10 8-14) are, in fact, duplicates of the derivative demand letter dated June 13, 2016, which was provided to the boards of directors of the AIA Entities' boards as quoted in the FAC. (ECF 10 at 41-44 ¶¶ 83-84.) **Thus, it appears that those two duplicate letters may be considered in the Defendants' Motion to Dismiss without violating Rule 12(d).** *In re Iso Ray, Inc. Securities Litigation*, 189 F.Supp.3d at 1065.

(7 ER 1343 & 1345 (footnote omitted; bold emphasis in original; bold and underlined emphasis added).) In response, the Munding Defendants knew that Miesen's Motion to Strike was directed at preventing matters outside of the pleadings from being considered that would violate Rule 12(b)(6) and Rule 12(d), which is why they did not respond to Miesen's above-quoted argument that the two duplicate derivative demand letters could be considered without violating Rule 12(d)—everyone agreed those two letters were admissible. (7 ER 1420.) On Reply, Miesen confirmed:

> Miesen maintains that Exhibits M-N to Mr. Louvier's Affidavit (ECF 7 8-13, 8-14) are not specifically referenced by date in the FAC, but those two letters are, in fact, duplicates of the derivative demand letter dated June 13, 2016, which was provided to the boards of directors of the AIA Entities' boards as quoted in the 10 FAC. (ECF 22 at 7 (citing ECF 10 at 41-44 ¶¶ 83-84).) Defendants concede this point by not responding.

(7 ER 1446.) Thus, Miesen confirmed that the two duplicate derivative demand letters could be considered. The Munding Defendants are simply playing fast and loose with this Court—just as they have with other arguments.

To reiterate, Miesen emphatically opposed the consideration of any evidence that would violate standards under Rule 12(b) and Rule 12(d) (including based on the Munding Defendants' failure to provide any authority or argument why any of the declarations or exhibits should be considered). (7 ER 1292-1314.) He did not object to the admissibility of the two derivative demand letters so long as they were considered in accordance with the standards under Rule 12(b) and Rule 12(d). Indeed, consistent this those standards, Miesen conditionally cited to one of the duplicate derivative demand letters and certain other exhibits attached the declarations (but not the declarations) in his Response to the Motion to Dismiss after confirming that he was only doing so in a manner that would not result in converting the motion into one for summary judgment:

> [U]nder the assumption that this Court may permit consideration of matters, but [Miesen's] conditional citation is only to the extent permissible to judicially notice or consider such documents under the Rule 12(b)(6) standard.

(7 ER 1358 n.2; *see, e.g.,* 7 ER 1359 (citing to one of the duplicate 2016 derivative demand letters), 1364 (citing to numerous other court filings).) However, the district court never reached Miesen's arguments. Instead, the district court ruled *sua sponte*:

As a preliminary matter, during oral argument the Court denied as moot Plaintiff's request to strike a declaration and exhibit that Defendants had filed contemporaneously with their motion to dismiss Plaintiff's initial complaint, ECF Nos. 8 and 9. The Court found the issue moot after Plaintiff filed his First Amended Complaint. See ECF No. 26. Those documents are not part of the record concerning Defendants' instant motion to dismiss Plaintiff's amended complaint.

(1 ER 4.) Miesen did not invite that ruling nor did he invite the exclusion of the two duplicative derivative demand letters. Miesen rightfully sought to ensure that the Motion to Dismiss was decided without violating the standards under Rule 12(b) and Rule 12(d)—he wanted to ensure the motion would not be converted into one for summary judgment before any discovery had been conducted. Accordingly, the invited error doctrine does not apply. Thus, this Court should reject the Munding Defendants' arguments in their entirety.

### 3. The District Court Erred by Not Taking Judicial Notice of the Documents Requested by Miesen.

Miesen maintains that the district court erred by failing to take judicial notice of four documents to address the Munding Defendants' newly raised arguments focusing on the statute of limitations defense which was the focus of the Munding Defendants' oral argument. (Appellant's Br. at 44-45; 7 ER 1463-96.) The Munding Defendants concede the issue by not addressing it. (Answering Br. at 28-29.)

*Stichting*, 802 F.Supp.2d at 1132. Instead, they argue, without citing any authority, that the four documents are no longer relevant because the "the statute of limitations" issue "is not properly before this Court." (*Id.*) Ironically, the Munding Defendants quote the district court's order regarding the statute of limitations defense and focused virtually all of their oral argument on that defense, but they now disavow that defense as an issue on appeal in light of Miesen's briefing and evidence that conclusively establishes that his claims are not time barred. (Answering Brief at 8 (quoting 1 ER 18); 7 ER 1463-96; Appellant's Br. at 45-51.)

Accordingly, the district court erred by refusing to take judicial notice of the four documents. This Court should reverse.

F. **This Court Should Not Affirm on the Alternative Grounds of the Statute of Limitations.**

1. **By Not Responding, the Munding Defendants Concede that Miesen's Claims for Legal Malpractice, Breach of Fiduciary Duties and Other Applicable Claims Are Not Time Barred Based on the Continuous Representation Rule.**

Miesen maintains that this Court should not affirm on the alternative grounds of the statutes of limitations because Miesen's claims were tolled under Washington and California's continuous representation rule. (Appellant's Br. at 45-51 (citing *Janicki Logging & Const. Co., Inc. v. Schwabe, Williamson & Wyatt, P.C.*, 109 Wash. App. 655, 661-664, 37 P.3d 309, 314-315 (Wash. Ct. App. 2011) and *Lockton v. O'Rourke*, 184 Cal.App.4th 1051, 1062-1069, 109 Cal.Rptr.3d 392, 400-406 (Cal.

Ct. App. 2010)).) While the Munding Defendants focused virtually all of their oral argument before the district court on the statute of limitations defense (7 ER 1463-77, 1490-94), they have conceded by failing to respond, that this Court should not affirm on those grounds because Miesen's claims have been tolled. (Answering Br. at 29-30.) *Stichting*, 802 F.Supp.2d at 1132 (the "'failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.'"). Thus, since Washington and California have both adopted the continuous representation rule, this Court should apply that rule and decline to affirm on those alternative grounds.[9]

Based on the documents that this Court may properly take judicial notice of, as a matter of law, Miesen's claims are not time barred because the underlying lawsuit is still pending and active. Indeed, Mr. Munding is still listed as counsel of record for a number of defendants, including the AIA Corporations, and there was

---

[9] Washington law applies. To the extent that the Munding Defendants imply otherwise when they asserted Washington law should not apply (Answering Br. at 11), there is a false conflict because the laws of both Washington and California are the same—they both have adopted the continuous representation rule. *Seizer v. Sessions*, 132 Wash.2d 642, 648-49, 940 P.2d 261, 264 (Wash. 1997) ("The situation where laws or interests of concerned states do not conflict is known as a "false" conflict. If a false conflict exists, the presumptive local law is applied.") (citations omitted). Thus, contrary to the Munding Defendants' assertions, Washington law applies to the statute of limitations defense.

an order entered as recently as October 29, 2019.[10] (Dkt. **11-2** at 10-11, 74.) And, because of the district court's misperception that it "has serious concerns going to the merits of [Miesen's] claims, particularly whether the legal malpractice claim can survive the challenge of an expired statute of limitations" (1 ER 18), Miesen respectfully suggests that declining to affirm on statute of limitations grounds will also assist the district court and the parties on remand if this Court reverses the dismissal of this case.

Accordingly, this Court should *decline* to affirm on the alternative grounds of Miesen's claims being time-barred because the continuous representation rule tolled his claims since the California lawsuit is still pending and active.

### 2. Miesen Is Not Seeking an Advisory Opinion—He Is Maintaining that this Court Should Decline to Affirm on the Alternative Grounds that Miesen's Claims Are Time-Barred.

The Munding Defendants recognize they are unable to rebut the indisputable fact that Miesen's claims have been tolled under the continuous representation rule. In the face of this conclusion, the Munding Defendants abandon their statute of limitations defense—which was the focus of virtually all of their oral argument before the district court (7 ER 1463-96)—and disingenuously argue that Miesen

---

[10] Although it is not contained in the record on appeal or in Miesen's motion for judicial notice, there has been a more recent order entered by the court.

"now seeks a contingent advisory opinion: if this court reverses the District Court, [Miesen] seeks appellate prophylaxis against a statute of limitations defense." (Answering Br. at 29.) Miesen is not seeking an advisory opinion. He maintains that this Court should hold that the district court cannot be affirmed on the alternative grounds that Miesen's claims are time barred.

> [T]o present a justiciable dispute rather than a request for an advisory opinion a case must satisfy two requirements: First, the case must present "an honest and actual antagonistic assertion of rights by one [party] against another." Second, the court must be empowered to issue a decision that serves as more than an advisement or recommendation.

***Ctr. for Biological Diversity v. U.S. Forest Serv.***, 925 F.3d 1041, 1047-48 (9th Cir. 2019) (citations omitted). The law is well-settled that this Court "can affirm a 12(b)(6) dismissal 'on any ground supported by the record, *even if the district court did not rely on the ground.*'" ***U.S. v. Corinthian Colleges***, 655 F.3d 984, 992 (9th Cir. 2011) (emphasis added) (citation omitted). Thus, there is a controversy and it is irrelevant the district court "was not afforded an opportunity to decide" the statute of limitations defense. (Answering Br. at 29.) Moreover, for the reasons explained above and in Miesen's Opening Brief (Appellant's Br. at 45-51), this Court should decline to affirm on the alternative grounds that Miesen's claims are time-barred.

**G. <u>Costs on Appeal Should Be Awarded to Miesen</u>.**

The Munding Defendants argue that costs should be awarded to them. (Answering Br. at 30.) The Munding Defendants should only be awarded costs if the district court's order is affirmed in its entirety. **Fed. R. App. P. 39(a)(2)**. Because Miesen maintains that this Court should reverse the dismissal of Miesen's claims, costs should be awarded to Miesen as a matter of course.[11] **Fed. R. App. P. 39(a)(3)**.

## VI. <u>CONCLUSION</u>

For the reasons articulated above, this Court should reverse the district court's decision to dismiss and certain of the evidentiary rulings, and reinstate the FAC. In the alternative, this Court should reverse and permit Miesen to file an amended complaint to cure any deficiencies. Under either of the foregoing scenarios, this Court should decline to affirm on the alternative grounds that Miesen's claims are time-barred.

RESPECTFULLY SUBMITTED this 6th day of March 2020.

RODERICK BOND LAW OFFICE, PLLC


By:   */s/ Roderick C. Bond*
        Roderick C. Bond
        Attorney for Plaintiff-Appellant
        Dale L. Miesen

---

[11] Miesen acknowledges that costs are not addressed until this Court's opinion is issued. *See* **Circuit Rule 39-1**.

# VII. CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 6,999 words, according to the Word Count feature in the Microsoft Word 2016 software, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 software in Times New Roman, 14-point, Font.

DATED this 6th day of March 2020.

RODERICK BOND LAW OFFICE, PLLC


By:___*/s/ Roderick C. Bond*_____
        Roderick C. Bond
        Attorney for Plaintiff-Appellant
        Dale L. Miesen